**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WILLIAM L BURRELL, JR.,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:12-2504** |
| : | |
| v. : | |
| : | **(MANNION, D.J.)** |
| **DANIELLE ROSS,** *et al*. : | **(BLEWITT, M.J.)** |
| : | |
| **Defendants** : | |

# **M E M O R A N D U M**

Pending before the court is the report and recommendation, (Doc. No. 8), of Judge Thomas M. Blewitt recommending that plaintiff's complaint, (Doc. No. 1), be dismissed with prejudice for failure to prosecute. Plaintiff did not file objections to the report.[1] The report and recommendation will be **ADOPTED IN ITS ENTIRETY**, and the complaint **DISMISSED** with prejudice.

## I.    STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*,

---

[1]The docket indicates that a mailing to plaintiff was returned as undeliverable. (Doc. No. 9). Plaintiff has an obligation to keep a current address on file with the court. L.R. 83.18. Plaintiff has apparently not done that here, and so the court treats the report as unobjected to.

the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II.  DISCUSSION

Plaintiff, proceeding pro se, filed his complaint in this matter on December 14, 2012. (Doc. No. 1). He named Lackawanna County Judges Patricia Corbett, Chester Harhut, and Thomas Munley as defendants. He also named Danielle Ross. On June 18, 2013, this court issued an order, (Doc. No. 6), dismissing the judges from this action because they are entitled to

2

judicial immunity, and granting plaintiff leave to amend his complaint with respect to the issues of quasi-judicial immunity, municipal liability, equal protection, and state law claims. The court allowed plaintiff until July 19, 2013 to file an amended complaint. Plaintiff failed to do so. On August 15, 2013, Judge Blewitt issued an order, (Doc. No. 7), granting plaintiff an additional ten days to file an amended complaint, and warning plaintiff that failure to comply with the court orders would result in a recommendation that the case be dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). Plaintiff again failed to file an amended complaint. Judge Blewitt has accordingly recommended that plaintiff's complaint be dismissed.

Fed.R.Civ.P. 41(b) provides for dismissal of an action where "plaintiff fails to prosecute or to comply with these rules or a court order." As Judge Blewitt's report thoroughly explains, plaintiff has both failed to prosecute this action and to comply with court orders. Plaintiff's failure to comply with the orders, or to proceed with his case in any way, demonstrates a clear intention to abandon the case. *See* McCray v. Dauphin Cty. Prison, 2007 WL 431886, at *1 (Feb. 5, 2007 M.D.Pa.). Moreover, plaintiff was warned that failure to comply with the court's orders would result in the recommendation that his case be dismissed. *See* id. Further, as Judge Blewitt explains, plaintiff's failure to prosecute is personally attributable to him, has caused prejudice to the defendants, and has evidenced dilatoriness in prosecuting the case. *See* Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.

1984)(discussing relevant factors to consider in determining whether dismissal under 41(b) is appropriate). Thus, dismissal pursuant to Fed.R.Civ.P. 41(b) is appropriate.

For the foregoing reasons, Judge Blewitt's report and recommendation will be **ADOPTED IN FULL**, plaintiff's complaint will be **DISMISSED**, and the case will be closed.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 23, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-2504-02.wpd